UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| The Boeing Company,<br><br>                    Plaintiff,<br><br>     v.<br><br>Chartis Insurance UK Limited,<br><br>                    Defendant. | No. _____<br><br>COMPLAINT FOR DECLARATORY<br>JUDGMENT WITH JURY DEMAND |

Plaintiff The Boeing Company (hereinafter "Boeing") alleges as follows:

## I.     The Parties

1.      Boeing is a corporation organized and existing under the laws of the State of Delaware.  Boeing's principal place of business is located in the State of Illinois.

2.      On information and belief, Chartis Insurance UK Limited ("Chartis") is a corporation organized and existing under the laws of the United Kingdom with its principal place of business located in the United Kingdom.  Chartis is not a citizen of any State of the United States as defined in 28 U.S.C. § 1332.

3.      Chartis is the lead insurer on a policy or policies of aircraft liability insurance and aircraft hull insurance issued to British Airways Plc ("British Airways") for a Model 777-200ER

Complaint for Declaratory Judgment (No. ) – 1

**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4800<br>Seattle, WA  98101-3099<br>Phone:  206.359.8000<br>Fax:  206.359.9000

aircraft, Registration No. G-YMMM, operated by British Airways as Flight 38 on or about January 17, 2008 from Beijing, China to London Heathrow Airport.

## II.     Jurisdiction and Venue

4.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because plaintiff is a citizen of a different state or foreign state than defendant, so there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, including the issuance of a certificate of insurance to Boeing and the manufacture and delivery of the aircraft at issue here, a Model 777-200ER aircraft bearing Registration No. G-YMMM.  Alternatively, venue is proper in this district under 28 U.S.C. § 1391(a)(3) because Chartis is subject to personal jurisdiction and there is no district in which the action may otherwise be brought.

6.     Chartis is subject to personal jurisdiction and service of process in this district because it has systematic and continuous contacts with the State of Washington, and this district in particular.  Chartis has also purposefully directed its activities at residents of Washington through the issuance of insurance to Boeing in this district and through its issuance of insurance covering aircraft and aircraft operators that regularly fly in and out of the State of Washington.

## III.     General Allegations

### A.     The Purchase Agreement Between Boeing and British Airways for the Subject Aircraft

7.     On or about October 29, 1998, British Airways entered into Purchase Agreement No. 2193 Relating to Boeing Model 777-200ER Aircraft (hereinafter "the Purchase Agreement") with Boeing to purchase at least sixteen Model 777-200ER aircraft.

8.     On or about May 31, 2001, pursuant to the Purchase Agreement, Boeing delivered, and British Airways received, at Everett, Washington, a Model 777-200ER transport

Complaint for Declaratory Judgment (No. ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

category aircraft, registration identification G-YMMM and manufacturer's serial number 30314 (hereinafter the "subject aircraft").

9.      The subject aircraft was operated by British Airways as Flight 38 between Beijing, China and London Heathrow Airport.  Flight 38 landed short of the assigned runway at London Heathrow Airport.  The aircraft later was declared a total loss.

10.      British Airways contracted and agreed in Part D of Exhibit B to the Purchase Agreement, under the headings EXCLUSION OF LIABILITIES and DISCLAIMER AND RELEASE, that:

> THE WARRANTIES, OBLIGATIONS AND LIABILITIES OF BOEING AND THE REMEDIES OF BUYER SET FORTH IN THIS EXHIBIT B ARE EXCLUSIVE AND IN SUBSTITUTION FOR, AND BUYER HEREBY WAIVES, RELEASES AND RENOUNCES ALL OTHER WARRANTIES, OBLIGATIONS AND LIABILITIES OF BOEING AND ALL OTHER RIGHTS, CLAIMS AND REMEDIES OF BUYER AGAINST BOEING, EXPRESS OR IMPLIED, ARISING BY LAW OR OTHERWISE, WITH RESPECT TO ANY NONCONFORMANCE OR DEFECT IN ANY AIRCRAFT OR OTHER THINGS DELIVERED UNDER THIS AGREEMENT (EXCEPT FOR THE BILL OF SALE TO BE PROVIDED BY BOEING PURSUANT TO ARTICLE 2.4 OF THE PURCHASE AGREEMENT), INCLUDING BUT NOT LIMITED TO:
>
> * * *
>
> (C)     ANY OBLIGATION, LIABILITY, RIGHT, CLAIM OR REMEDY IN TORT, WHETHER OR NOT ARISING FROM THE NEGLIGENCE OF BOEING (WHETHER ACTIVE, PASSIVE OR IMPUTED); AND
>
> (D)     ANY OBLIGATION, LIABILITY, RIGHT, CLAIM OR REMEDY FOR LOSS OF OR DAMAGE TO ANY AIRCRAFT.

11.      British Airways contracted and agreed in Article 15.7 of the Purchase Agreement, under the heading Negotiated Agreement:

> Buyer and Boeing agree that this agreement, including this Part D of Exhibit B [EXCLUSION OF LIABILITIES] and Part E of Exhibit C [BUYER'S INDEMNIFICATION OF BOEING AND INSURANCE], has been the subject of discussion and negotiation and is fully understood by

Complaint for Declaratory Judgment (No. ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

the parties, and that the price of the Aircraft and the other mutual agreements of the parties set forth in this Agreement were arrived at in consideration of Part D of Exhibit B and Part E of Exhibit C.

12.     British Airways contracted and agreed in Exhibit C, Part E, Section 1 to the Purchase Agreement, under the heading <u>Buyer's Indemnification of Boeing</u>, that:

> Buyer hereby indemnifies and holds harmless Boeing from and against all claims and liabilities, including costs and expenses (including attorneys' fees) incident thereto or incident to successfully establishing the right to indemnification, for injury to or death of any person or persons, including employees of Buyer but not employees of Boeing, or for loss of or damage to any property, including Aircraft, arising out of or in any way related to the performance by Boeing of training, services or other obligations pursuant to this Exhibit C, whether or not arising in tort or occasioned in whole or in part by the negligence of Boeing, whether active, passive or imputed.
>
> 1.1     With regard to training, services and obligations other than Revenue Service Training, the foregoing indemnification will not apply to the legal liability to persons or parties other than Buyer or Buyer's assignees arising out of an accident caused solely by a product defect in an Aircraft.
>
> 1.2     With regard to Revenue Service Training, the foregoing indemnification will apply to the legal liability to persons or parties other than Buyer or Buyer's assignees, even if arising out of an accident caused solely by a product defect in an Aircraft.

13.     British Airways contracted and agreed in Exhibit C, Part E, Section 2.1 to the Purchase Agreement, under the heading <u>Hull All Risk; Hull War & Allied Perils Insurance</u>, to cause British Airways' hull insurance carriers to waive rights of subrogation.

14.     British Airways contracted and agreed in Exhibit C, Part E, Section 2.2 to the Purchase Agreement, under the heading <u>Aircraft Liability Insurance</u>, to cause Boeing to be named as an additional insured under British Airways' aviation liability insurance policies.

15.     British Airways contracted and agreed in Article 15.6 of the Purchase Agreement that "This Agreement shall be governed by the law of the State of Washington, U.S.A."

Complaint for Declaratory Judgment (No. ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

16.     Boeing has performed all of its duties under the Purchase Agreement required to be performed as of this time.

**B.     The Customer Services General Terms Agreement Between Boeing and British Airways**

17.     On or about January 28, 1998, British Airways and Boeing entered into Customer Services General Terms Agreement No. 36-2 Relating to Boeing Aircraft (hereinafter "Customer Services Agreement" or "CSGTA").

18.     British Airways contracted and agreed in Part 1, Article 12 of the Customer Services Agreement under the headings <u>EXCLUSION OF LIABILITIES</u> and <u>DISCLAIMER AND RELEASE</u> that

> THE WARRANTIES, OBLIGATIONS AND LIABILITIES OF BOEING
> AND THE REMEDIES OF CUSTOMER SET FORTH IN THIS CSGTA
> ARE EXCLUSIVE AND IN SUBSTITUTION FOR, AND CUSTOMER
> HEREBY WAIVES, RELEASES AND RENOUNCES ALL OTHER
> WARRANTIES, OBLIGATIONS AND LIABILITIES OF BOEING
> AND ALL OTHER RIGHTS, CLAIMS AND REMEDIES OF
> CUSTOMER AGAINST BOEING, EXPRESS OR IMPLIED, ARISING
> BY LAW OR OTHERWISE, WITH RESPECT TO ANY
> NONCONFORMANCE OR DEFECT IN ANY SPARE PART,
> AIRCRAFT SOFTWARE, STANDARDS, LEASED PARTS, LEASED
> TOOLS, MATERIALS AND INFORMATION, SERVICES
> (INCLUDING, BUT NOT LIMITED TO, FLIGHT SERVICES,
> TECHNICAL ASSISTANCE, TECHNICAL CONSULTING, REPAIRS,
> MODIFICATIONS AND TRAINING), RETROFIT KIT CHANGES OR
> ANY OTHER THING PROVIDED UNDER ANY ORDER, OR IN ANY
> BOEING SPARE PARTS, AIRCRAFT SOFTWARE, STANDARDS
> AVAILABLE THROUGH THE STANDARDS CATALOG, OR
> MATERIALS AND INFORMATION PROVIDED TO CUSTOMERS
> BY A THIRD PARTY, INCLUDING BUT NOT LIMITED TO:
>
>                              * * *
>
> 12.1.3  ANY OBLIGATION, LIABILITY, RIGHT, CLAIM OR
> REMEDY IN TORT, WHETHER OR NOT ARISING FROM THE
> NEGLIGENCE OF BOEING; AND

Complaint for Declaratory Judgment (No. ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

12.1.4  ANY OBLIGATION, LIABILITY, RIGHT, CLAIM OR
REMEDY FOR LOSS OF OR DAMAGE TO ANY AIRCRAFT OR
SPARE PART.

19.    British Airways acknowledged on page (i) of the Customer Services Agreement

that

Part 1, Article 12 relating to DISCLAIMER AND RELEASE and the
EXCLUSION OF CONSEQUENTIAL AND OTHER DAMAGES, and
the provisions relating to indemnification and insurance, have been the
subject of discussion and negotiation and are fully understood by the
parties, and the other provisions set forth in this CSGTA were, and each
Order will be made in consideration of such provisions.

20.    British Airways contracted and agreed to indemnify Boeing in Part 1, Article 13

of the Customer Services Agreement as follows:

13.1    Customer will indemnify, defend, and hold harmless
Boeing from and against all liabilities, claims, losses, and damage of any
nature, including, but not limited to, all expenses (including attorneys'
fees), costs, and judgments incident thereto or incident to successfully
establishing the right to indemnification, for (i) injury to or death of any
person or persons, including, without limitation, officers, agents and
employees of Customer, but not employees of Boeing; (ii) loss of or
damage to any property, including, without limitation, any Aircraft or part
thereof; (iii) loss of use, revenue or profit with respect to any Aircraft, part
thereof or other thing; and (iv) any other direct, indirect, incidental,
consequential, economic or statutory civil damages, any of which arise out
of or are in any way related to the use, lease or shipping of any Leased
Tool, the performance of Services (including, but not limited to, Flight
Services, Technical Assistance, Technical Consulting, Repairs,
Modifications, or Training), the providing or use of any Materials and
information, or any other things provided under any Order, or the use by
Boeing of Customer's technical instructions, whether or not arising in tort
or occasioned in whole or in part by the negligence of Boeing.
Customer's obligations under this indemnity will survive the expiration,
termination, completion or cancellation of this CSGTA or any Order.

13.2    Exceptions.

13.2.1    With regard to Boeing Spare Parts, Leased
Parts, Leased Tools, Services (other than Repairs and Modifications), or
any other things provided under any Order, the foregoing indemnity will
not apply to the legal liability to persons or parties other than Customer

Complaint for Declaratory Judgment (No. ) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

and its assignees arising out of an accident caused solely by a product defect in an Aircraft (as originally delivered by Boeing), a Boeing Spare Part, a Leased Part or a Leased Tool.

13.2.2    With regard to Repairs or Modifications, the foregoing indemnity will not apply to legal liability to persons or parties other than Customer and its assignees arising out of an accident following execution of the Certificate of Completion of the Repairs or Modifications.  With regard to Repairs or Modifications performed under Part 3, Article 5, the foregoing indemnity will not apply to loss of or damage to an Aircraft or Boeing Spare Part to the extent Boeing is liable therefore under Part 3, Article 5.5.3.

13.3    For the purpose of this Article 13, "Boeing" or "BOEING" means The Boeing Company, its divisions, subsidiaries and affiliates, the assignees of each, and their directors, officers, employees and agents.

21.    British Airways contracted and agreed in Part 1, Article 14 of the Customer Services Agreement to include Boeing as an additional insured on its Comprehensive Airline Liability Insurance and to cause British Airways' hull insurance carriers to waive rights of subrogation.

22.    British Airways contracted and agreed in Part 1, Article 14 of the Customer Services Agreement to provide Boeing with certificates of insurance evidencing that the Customer's Aircraft and the liabilities assumed by Customer under the CSGTA are insured with coverages and provisions in amounts, form, and with insurers acceptable to Boeing.  Appendix I of the Customer Services Agreement is a sample insurance certificate.  The required coverages are Aircraft "all risks" Hull (Ground and Flight), Aircraft Hull War and Allied Perils and Comprehensive Airline Liability.  The liability coverage required for a Model 777 aircraft is no less than US$700,000,000.  Under the heading SPECIAL PROVISIONS APPLICABLE TO BOEING, the sample certificate states that, "As respects Aircraft 'all risks' Hull Insurance and Aircraft Hull War and Allied Perils Insurance, Insurers agree to waive all rights of subrogation or recourse against Boeing," and, further, insurers agree to include Boeing as an additional insured.

Complaint for Declaratory Judgment (No. ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

23.     British Airways contracted and agreed in Part 1, Article 19.9 of the Customer Services Agreement that the Agreement and all orders will be governed by the law of the State of Washington, U.S.A.

24.     Boeing has performed all of its duties under the Customer Services Agreement required to be performed as of this time.

**C.     The Certificate of Insurance Relating to British Airways' Insurance Coverage**

25.     On or about April 1, 2007, Marsh Ltd. ("Marsh") was the insurance broker responsible for placing insurance in the name of British Airways.  On or about April 1, 2007, Marsh issued, on behalf of British Airways' insurers, including Chartis, a Certificate of Insurance bearing Reference No. C07/BOPS/00225 (the "Certificate of Insurance").  A true and correct copy of the Certificate of Insurance is attached hereto as Exhibit A, and is incorporated herein by reference.

26.     The Certificate of Insurance states that Marsh "placed Insurance in the name of BRITISH AIRWAYS Plc . . . covering their operations in connection with their fleet of aircraft whilst operating anywhere in the World" including "HULL ALL RISKS" coverage, "HULL WAR AND ALLIED RISKS" coverage, and "AIRCRAFT THIRD PARTY, PASSENGER, BAGGAGE, CARGO, MAIL and AIRLINE GENERAL THIRD PARTY LEGAL LIABILITY" coverage.

27.     The Certificate of Insurance provides that British Airways' insurers, which include Chartis, agreed "Under the Hull and Hull War Insurance: (i) To waive all rights of recourse or subrogation against Boeing."

28.     The Certificate of Insurance further provides that British Airways' insurers, which include Chartis, agreed

                Under the Legal Liability Insurance:

        (i)        To include Boeing, its divisions, subsidiaries, affiliates, the
                   assignees of each and their respective directors, officers,

Complaint for Declaratory Judgment (No. ) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

employees and agents as Additional Insureds to the extent of the
services contemplated in the above cited Agreement.

(ii)     The insurance provided shall be primary and without right of
         contribution from any other insurance which may be available to
         Boeing.

(iii)    The insurance shall operate in all respects as if a separate policy
         had been issued covering each party insured hereunder.
         Notwithstanding the foregoing the total liability of Insurers in
         respect of any and all Insureds shall not exceed the limits of
         liability stated in the policy.

29.     The insurance coverage described above was effective from April 1, 2007 to
March 31, 2008, which includes the date of the Flight 38 accident.

**D.      The Flight 38 Accident and the Investigation Thereof**

30.     At the time of the accident, the subject aircraft was equipped with two Rolls-
Royce RB211 Trent 895-17 turbofan engines bearing serial numbers 51216 and 51263 (the
"subject engines").  The subject engines were not designed, manufactured, sold, or delivered by
Boeing.  On information and belief, the subject engines were sold directly by Rolls-Royce Plc to
British Airways.

31.     British Airways Flight 38 accident was investigated by the United Kingdom's Air
Accidents Investigation Branch ("AAIB").  In January 2010, the AAIB issued Aircraft Accident
Report 1/2010, its final report into the British Airways Flight 38 accident.  The AAIB concluded
that the accident occurred when ice in the fuel formed a blockage within both engines at the face
of the Fuel Oil Heat Exchanger ("FOHE"), a component within the subject engines, resulting in a
thrust rollback of both subject engines.  In support of this conclusion, the AAIB identified the
following probable cause factors:

1)     Accreted ice from within the fuel system released, causing a
       restriction to the engine fuel flow at the face of the FOHE, on both
       of the engines.

2)     Ice had formed within the fuel system, from water that occurred
       naturally in the fuel, whilst the aircraft operated with low fuel

Complaint for Declaratory Judgment (No. ) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

flows over a long period and the localised fuel temperatures were in an area described as the 'sticky range'.

3)   The FOHE, although compliant with the applicable certification requirements, was shown to be susceptible to restriction when presented with soft ice in a high concentration, with a fuel temperature that is below -10°C and a fuel flow above flight idle.

4)   Certification requirements, with which the aircraft and engine fuel systems had to comply, did not take account of this phenomenon as the risk was unrecognised at that time.

32.   The Flight 38 accident was not caused (a) by a product defect within any aircraft or component sold or delivered by Boeing, or (b) by any negligence or other fault of Boeing.

**E.   The Pending Litigation**

33.   Two lawsuits are pending in Illinois state court against Boeing for personal injuries allegedly sustained by passengers and flight crew on board Flight 38.

34.   Boeing is informed and believes that Chartis paid British Airways under the hull insurance policy for the loss of the subject aircraft hull, less any deductible, in or about 2008.

35.   Boeing and its counsel have been informed that Chartis intends to commence a subrogation action against Boeing in King County Superior Court to recover the value of the subject aircraft hull.  Boeing has not been served with a summons and complaint for any subrogation action arising from the loss of Flight 38.  Nor has Boeing received a copy of the complaint by other means.

36.   There is an actual controversy insomuch as actions have been threatened and/or commenced against Boeing by Chartis arising from the loss of Flight 38 contrary to:

(a)   the contractual rights and repose that Boeing is entitled to under the disclaimer and release provisions of the Purchase Agreement and Customer Services Agreement;

(b)   the indemnity, including all expenses and attorneys' fees and costs, Boeing is entitled to under the indemnity provisions of the Purchase Agreement and the Customer Services Agreement; and

Complaint for Declaratory Judgment (No. ) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

(c)     the duties and obligations Chartis and its fellow insurers and/or reinsurers owe Boeing both as an additional insured on British Airways' insurance policies and otherwise.

## IV.     First Cause of Action for Declaratory Judgment on Disclaimer and Release in Purchase Agreement and Customer Services Agreement

37.     Boeing restates and realleges the allegations contained in paragraphs 1 through 36, above, as if fully set forth here.

38.     By the terms and conditions of the Purchase Agreement and the Customer Services Agreement, British Airways has contractually disclaimed and released all claims against Boeing for loss of the subject aircraft hull.

39.     Chartis, as British Airways' insurer, in claiming against Boeing is bound by the terms and conditions of the Purchase Agreement and the Customer Services Agreement to the same extent as British Airways.  All claims by Chartis against Boeing for payments made or to be made for the subject aircraft hull or otherwise in connection with the Flight 38 accident are barred by the disclaimer and release agreed to by British Airways in the Purchase Agreement and the Customer Services Agreement.

40.     Other insurers and reinsurers of British Airways follow the fortunes of Chartis in all respects and, therefore, no claim can be maintained by or for the benefit of other insurers or reinsurers against Boeing that Chartis is barred from making.

## V.     Second Cause of Action for Declaratory Judgment on Indemnity in Purchase Agreement and Customer Services Agreement

41.     Boeing restates and realleges the allegations contained in paragraphs 1 through 36, above, as if fully set forth here.

42.     As set forth in Part E of Exhibit C to the Purchase Agreement and Part 1, Article 13 of the Customer Services Agreement, British Airways agreed to indemnify, defend and hold harmless Boeing against all liabilities, claims, losses and damage of any nature which arise out of or are in any way connected with performance by Boeing of training, services or other obligations under Exhibit C of the Purchase Agreement or which arise out of or are in any

Complaint for Declaratory Judgment (No. ) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

01038-5464/LEGAL19445795.2

way related to the use, lease or shipping of any Leased Tool, the performance of Services (including, but not limited to, Flight Services, Technical Assistance, Technical Consulting, Repairs, Modifications, or Training), the providing or use of any Materials and information, or any other things provided under any Order, or the use by Boeing of Customer's technical instructions.

43.     British Airways is barred from making any claim against Boeing to the full extent of its agreement to indemnify, defend and hold harmless Boeing, including, but not limited to, any claim for loss of the subject aircraft hull.

44.     Chartis, as British Airways' insurer, is required to indemnify, defend and hold harmless Boeing under the indemnity provisions of the Purchase Agreement and the Customer Services Agreement to the same extent as British Airways.  Chartis is barred from making any claim against Boeing to the full extent of its agreement and duty to indemnify, defend and hold harmless Boeing.  The claims Chartis is barred from making against Boeing include, but are not limited to, any claim for loss of the subject aircraft hull and for contribution or indemnity for any payments made or to be made by British Airways its insurers connected to the Flight 38 accident.

45.     Other insurers and reinsurers of British Airways follow the fortunes of Chartis in all respects and, therefore, no claim can be maintained by or for the benefit of other insurers or reinsurers against Boeing that Chartis is barred from making.

## VI.     Third Cause of Action for Declaratory Judgment on Subrogation Claims by Chartis

46.     Boeing restates and realleges the allegations contained in paragraphs 1 through 36, above, as if fully set forth here.

47.     Chartis agreed to waive all rights of subrogation or recourse against Boeing under the hull "all risks" coverage provided to British Airways, as evidenced by the Certificate of Insurance.

48.     Boeing is an additional insured on the aircraft liability insurance provided by Chartis to British Airways for the loss of Flight 38, as evidenced by the Certificate of Insurance.

Complaint for Declaratory Judgment (No. ) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The provisions of the insurance coverage, except the limits of liability, operate as regards to Boeing as if there were a separate policy issued to Boeing.

49.     As a matter of law, Chartis cannot bring a subrogation claim against its own insured and, therefore, is barred from asserting any claims as a subrogee against Boeing.

50.     Other insurers and reinsurers of British Airways follow the fortunes of Chartis in all respects and, therefore, no claim can be maintained by or for the benefit of other insurers or reinsurers against Boeing that Chartis is barred from making.

## VII.    Jury Demand

51.     Boeing hereby demands a jury in this action.

## VIII.    Demand for Judgment

Boeing respectfully prays for the following relief:

(a)     On its First Cause of Action, for a Declaratory Judgment decreeing that the disclaimer and release in the Purchase Agreement and Customer Services Agreement bar Chartis and other insurers and reinsurers of British Airways from seeking to recover any damages from Boeing arising from the loss of Flight 38; and

(b)     On its Second Cause of Action, for a Declaratory Judgment decreeing that the indemnity in the Purchase Agreement and Customer Services Agreement bar Chartis and other insurers and reinsurers of British Airways from seeking to recover any damages from Boeing arising from the loss of Flight 38 based on any alleged nonconformance or defect in the performance by Boeing under Exhibit C to the Purchase Agreement or under the Customer Services Agreement; and

(c)     On its Third Cause of Action, for a Declaratory Judgment decreeing that Chartis and other insurers and reinsurers of British Airways are barred from subrogating against Boeing by waiver and because Chartis may not subrogate against its own insured, whether for its own benefit or the benefit of insurers or reinsurers who also insurer Boeing or reinsure Boeing's insurers for the loss of Flight 38; and

Complaint for Declaratory Judgment (No. ) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(d)      All attorneys' fees, costs and expenses incurred by Boeing in connection with this

action; and

(e)      Such other and further relief in Boeing's favor as the Court deems just and proper.

DATED:  October 23, 2010

s/ John D. Dillow
John D. Dillow, WSBA No. 5979
JDillow@perkinscoie.com
Richard Coyle, WSBA No. 6498
RCoyle@perkinscoie.com
Mack H. Shultz, WSBA No. 27190
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
The Boeing Company

Complaint for Declaratory Judgment (No. ) – 14

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000